UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 2:14-cr-00177-JAD-GWF |
|---|---|
| Plaintiff | **Order Denying Motion to Withdraw Guilty Plea** |
| v. | |
| Gregory Akel, | [ECF No. 97] |
| Defendant | |

  In 2015, Gregory Akel pleaded guilty to receipt of child pornography,[1] and the presiding district judge sentenced him to 112 months in prison after the government breached the terms of the plea agreement by failing to affirmatively recommend a sentence at the low-end of the guidelines range. The Ninth Circuit granted Akel's unopposed motion for summary reversal and remanded and reassigned the case for resentencing. After remand but before resentencing, Akel, who is now represented by new counsel, moved to withdraw his nearly two-year-old guilty plea.[2] Because Akel did not request this relief on appeal to the Ninth Circuit—which, at Akel's request, directed specific performance of the plea agreement as the sole remedy for the government's breach—and he has not shown that a fair and just reason exists to permit him to withdraw the plea, I deny the motion.

### Background[3]

  On March 17, 2013, Las Vegas Metropolitan Police Department Task Force officers (Metro) began investigating the sharing of child pornography files on the ARES file-sharing network.[4] During that investigation, Metro traced an IP address, from which they were able to download child-

---

[1] ECF No. 49.

[2] ECF No. 97.

[3] These facts are taken from Akel's plea agreement and are admissible at any proceeding even if Akel withdraws his plea agreement. ECF No. 49 at 7.

[4] *Id.* at 4.

pornography files, to Akel.[5]  In August 2013, Metro seized two laptops, a tablet, and related items during a warranted search of Akel's Silverado Ranch apartment.[6]  A forensic analysis of one of the laptop computers revealed 39 images of child pornography and 107 child-pornography videos.[7]

In January 2014, Special Agents from the Department of Homeland Security (DHS) also began investigating the distribution of child pornography on the ARES file-sharing network during which they traced a different IP address, from which the agents were able to download three movies containing child pornography, to Akel, who was now residing at a Hazlewood Street apartment.[8]  In February 2014, Metro traced a third IP address identified as a source of child-pornography files to Akel at his Hazlewood Street apartment.[9]

Upon learning that they were investigating the same target, Metro and DHS combined their investigations and seized a laptop, notebook, SD card, and related items during a warranted search of Akel's Hazlewood Street apartment in April 2014.[10]  Investigators recovered 39 partial videos and 11 images containing child pornography from the laptop.[11]

Forensic examiners compared the images and videos found on all of the items seized during these searches against a databank of child pornography and determined that Akel possessed a combined total of 149 videos and 54 images of child pornography, that some of those files depicted prepubescent children or children under the age of 12, and that Akel used a computer to receive and distribute child pornography over the internet.[12]

---

[5] *Id.* at 5.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 7.

In May 2014, Akel was charged with one count of receipt or distribution of child pornography and one count of possession of child pornography.[13] He pleaded guilty to one count of receipt of child pornography ten months later.[14] In the written plea agreement, the parties stipulated to a total offense level of 30, and they agreed to jointly recommend a low-end guidelines-range sentence of 97–121 months.[15] At Akel's March 2015 sentencing hearing, the government failed to recommend a low-end sentence,[16] and the sentencing judge sentenced Akel to a mid-range sentence of 112 months.[17]

Akel appealed, contending that the government breached the plea agreement by failing to recommend a low-end sentence, and he requested that his sentence be vacated and that the case be remanded to a different district judge for resentencing.[18] The government did not oppose Akel's appeal, and the Ninth Circuit panel did precisely as Akel requested: it reversed, remanded, and reassigned the case to me for resentencing. At Akel's scheduled resentencing hearing on January 5, 2017, Akel's counsel moved to continue the sentencing pending the outcome of an unrelated case, which he anticipated could impact Akel's sentence.[19] The government did not object to the continuance, and I continued the hearing to March 7, 2017.

On the eve of the rescheduled resentencing hearing, the parties stipulated to a 60-day continuance, and Akel moved to withdraw his guilty plea.[20] Akel argues that he should be allowed to

---

[13] ECF No. 1.

[14] ECF No. 49.

[15] *Id.* at 11. The parties agreed to jointly recommend a sentence at the low end of the guidelines range as calculated by the court, and the sentencing judge adopted the range suggested by the parties.

[16] The sentencing transcripts reflect that Akel's counsel argued for a low-end sentence of 97 months, and the government did not affirmatively recommend a sentence.

[17] ECF No. 65.

[18] *United States v. Akel*, No. 15-10494 (9th Cir. April 27, 2016) (Appellant's Opening Brief).

[19] ECF No. 94 (minutes).

[20] ECF Nos. 96, 97.

withdraw his guilty plea as a remedy for the government's breach of the plea agreement, because prior counsel did not make him aware of several possible defenses available to him before he entered his plea, and he claims that his plea was the result of prosecutorial coercion.

## Discussion

### A.   Withdrawing a guilty plea

A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal."[21] In this circuit, fair and just reasons for withdrawing a guilty plea include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when [he] entered his plea."[22] But the Ninth Circuit has cautioned that a defendant may not "withdraw his guilty plea simply on a lark,"[23] and that allowing a defendant "to withdraw his guilty plea merely because he changed his mind would undermine Rule 11's purpose and reduce plea proceedings to a time-consuming formality with no lasting effect."[24] In determining whether to allow the defendant to withdraw his plea, important factors include whether the defendant has asserted his legal innocence, why the defenses were not put forward at the time of the original pleading, and the amount of time that has passed between the plea and the motion.[25]

### B.   Akel provides no valid basis to withdraw his plea.

#### 1.   *The government's breach does not warrant withdrawal.*

Akel first claims that he should be allowed to withdraw his guilty plea based on the government's breach during the initial sentencing.[26] I am persuaded by the government's arguments

---

[21] FED. R. CRIM. P. 11(d)(2)(B).

[22] *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009) (quoting *United States v. McTiernan,* 546 F.3d 1160, 1167 (9th Cir. 2008)).

[23] *McTiernan*, 546 F.3d at 1167 (quoting *United States v. Hyde*, 520 U.S. 670, 676–77 (1997)).

[24] *United States v. Rios-Ortiz*, 830 F.2d 1067, 1070 (9th Cir. 1987).

[25] *McTiernan*, 546 F.3d at 1167 (citing FED. R. CRIM. P. 32 advisory committee's note (1983)).

[26] ECF No. 97 at 7–8.

that Akel should be equitably estopped from requesting this relief and that the law of the case prevents Akel from requesting this remedy because he did not do so on appeal.[27] Akel fully litigated in the Ninth Circuit the breach claim on which he now seeks to withdraw his guilty plea. There, he took the position that specific performance was the appropriate remedy, and he specifically requested that the Court of Appeals vacate his sentence and remand the matter to a different district judge for resentencing. The Ninth Circuit panel necessarily considered what remedy was appropriate for the breach, and it granted Akel the specific remedy he requested.[28] Akel cannot now seek a different remedy in leu of the one that he specifically requested and was granted on appeal.

I also find that specific performance of the plea agreement is the appropriate remedy here. Specific performance of the plea agreement will completely cure the government's breach at the initial sentencing and give Akel the full benefits due to him under that agreement.[29] Besides mere preference, Akel has not shown that withdrawal of the guilty plea is the appropriate remedy for the government's breach.

### 2. The alleged "possible defenses" do not warrant withdrawal.

"Erroneous or inadequate legal advice may also constitute a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made presentence."[30] A defendant claiming inadequate legal advice is not required to establish that the foregone defense or argument would have been "successful on the merits," only that proper advice could plausibly have motivated a reasonable person in the defendant's position not to have pleaded guilty.[31]

---

[27] ECF No. 100 at 4.

[28] *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (for the law-of-the-case doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition").

[29] I also note that Akel agreed in the plea agreement "not to seek to withdraw" his guilty plea after he entered it in court. ECF No. 49 at 3.

[30] *McTiernan*, 546 F.3d at 1167.

[31] *See id.* at 1168.

Akel argues that his counsel failed to advise him about these available defenses: (1) sexual exploitation under U.S.C. § 2252 requires a physical or tangible object of which an image is not; (2) he did not sexually abuse or exploit a person; (3) the federal government does not have jurisdiction over the offense to which he pleaded guilty; (4) lack of subject-matter jurisdiction; and (5) the internet does not implicate the Commerce Clause of the Constitution.[32]

Akel makes no effort to show that proper legal advice about these defenses could have plausibly motivated a reasonable person in his position not to plead guilty. This is likely because the defenses he identifies are frivolous, and proper advice about their existence should not motivate a reasonable person in Akel's position not to plead guilty. A conviction under 18 U.S.C. 2252(a)(2) & (b)(1) does not require possession of a "physical or tangible object" but requires only possession of a "visual depiction." Nor does a conviction under this statute require that the defendant actually committed the sexual abuse or exploitation.[33] Akel's jurisdictional objections have also been rejected in this circuit.[34] Though I recognize that Akel need not show that he would ultimately prevail on any of these defenses, I point out their frivolity to illustrate that Akel fails to carry his burden to show that proper advice about these defenses and their possible availability would have plausibly motivated a reasonable person in his position not to have pleaded guilty.

### 3. *The record belies Akel's duress claim*.

Akel claims that he pleaded guilty under duress because the government threatened to add additional counts or to charge him with additional images or distribution, which may have subjected him to a higher mandatory minimum, if he did not accept the plea deal.[35] This claim is belied by the record. Akel acknowledged in the written plea agreement that the agreement resulted from an "arms-

---

[32] ECF No. 97 at 9.

[33] *See* 18 U.S.C. § 2252(a)(2).

[34] *United States v. Sullivan*, 797 F.3d 623, 631–32 (9th Cir. 2015) (Congress is permitted to regulate even purely intrastate distribution and possession of child pornography).

[35] ECF No. 97 at 10.

length negotiation,"[36] and he affirmed that "he decided to plead guilty voluntarily and that no one coerced of threatened him" to do so.[37] Akel likewise acknowledged the voluntary nature of his plea at the change-of-plea hearing.[38] I also agree with the government's contention that Akel's arguments on appeal—that the government breached the plea agreement by failing to recommend a low-end sentence—presupposed the existence of a valid plea agreement.[39] The same is true for Akel's first argument to withdraw his plea based on the government's breach. So, it is disingenuous for Akel to now challenge the validity of that agreement.

Finally, I note that Akel does not assert a claim of actual innocense or a plausible claim of legal innocence, and the nearly two-year gap between Akel's plea and the withdrawal motion strongly weighs against withdrawal. Because Akel has not carried his burden to show a fair or just reason for withdrawing his plea, I deny his motion.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Akel's motion to withdraw guilty plea **[ECF No. 97] is DENIED.**

Dated this 5th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[36] That the government agreed not to bring any additional charges and to dismiss the second count of the indictment in exchange for Akel's guilty plea supports this representation.

[37] *See* ECF No. 49.

[38] ECF No. 76 at 12–13.

[39] ECF No. 100 at 8.