# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:14-cr-00177-JAD-GWF |
| Plaintiff | **Order Denying Government's Motion to Dismiss and Ordering Government Response** |
| v. | |
| Gergory Akel, | [ECF Nos. 121, 125] |
| Defendant | |

Federal prison inmate Gregory Akel brings this § 2255 petition to modify his sentence after he pled guilty to receipt of child pornography.[1] He contends that a post-sentencing amendment to the U.S. Sentencing Guidelines entitles him to a sentence reduction. The government moves to dismiss his petition because Akel waived his right to bring collateral challenges in his plea agreement.[2] I construe Akel's § 2255 petition as a motion for resentencing under 18 U.S.C. § 3582(c)(2). And because a motion under that statute is not a collateral attack, I deny the government's motion to dismiss and order the government to respond to the merits of Akel's motion by August 8, 2019.

## Background

In March 2015, Akel signed a plea agreement in which he pled guilty to one count of receipt of child pornography.[3] In the agreement, the parties agreed to jointly recommend a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distributing material[4] and a low-end

---

[1] ECF No. 121.
[2] ECF No. 125.
[3] ECF No. 49.
[4] *Id.* at 8.

guidelines-range sentence of 97–121 months.[5] Akel also waived all collateral challenges, including claims under 28 U.S.C. § 2255.[6] At Akel's March 2015 sentencing hearing, the government failed to recommend a low-end sentence,[7] and the sentencing judge sentenced Akel to a mid-range sentence of 112 months.[8]

Akel appealed, contending that the government breached the plea agreement by failing to recommend a low-end sentence, and he requested that his sentence be vacated and the case be remanded to a different judge for resentencing. The government did not oppose Akel's appeal, and the Ninth Circuit reversed, remanded, and ordered that the case be reassigned for resentencing. At Akel's May 2017 resentencing hearing, the parties agreed that the 2015 Sentencing Guidelines should be applied to Akel's case. Using that version of the Guidelines, I sentenced Akel to 99 months' imprisonment.[9]

Akel appealed, and the Ninth Circuit dismissed his appeal in light of the valid appeal waiver.[10] Then, in October 2018, Akel filed his first § 2255 petition, arguing that Amendment 801 to the 2016 Sentencing Guidelines "expressly requires that distribution be knowing for the two-level enhancement [in U.S.S.G. § 2G2.2(b)(3)(F)] to apply."[11] He contends that he did not

---

[5] *Id.* at 11. The parties agreed to jointly recommend a sentence at the low end of the guidelines range as calculated by the court, and the sentencing judge adopted the range suggested by the parties.

[6] *Id.* at 15–16.

[7] The sentencing transcripts reflect that Akel's counsel argued for a low-end sentence of 97 months, and the government did not affirmatively recommend a sentence.

[8] ECF No. 65.

[9] ECF No. 106.

[10] ECF No. 117.

[11] ECF No. 121 at 4.

admit to knowing distribution in his plea agreement, so his sentence should be modified in light of Amendment 801. Akel then filed an identical "amended petition" in March 2019.[12]

I ordered the government to respond to Akel's petition in April,[13] and the government moved to dismiss it, arguing that Akel waived all collateral attacks to his sentence.[14] Akel responds that his petition was not a collateral attack to his original sentence, but rather a request for modification in light of a post-sentencing amendment to the applicable guideline.[15] Alternatively, Akel argues that if his request is a collateral attack that was waived, his counsel's failure to inform him of that fact amounts to ineffective assistance of counsel. The government did not reply.

**Discussion**

**A.   I construe Akel's § 2255 petition as a motion for resentencing under 18 U.S.C. § 3582(c)(2).**

In his operative § 2255 petition, Akel states that the Sentencing Commission recently issued and enacted Amendment 801, which clarifies the application of the 2-level enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F). Akel argues that following that amendment, a 2-level enhancement under § 2G2.2(b)(3)(F) should be applied only for knowing distribution of unlawful images and he did not admit to knowing distribution in his plea agreement. He contends that this amendment therefore requires his sentence to be corrected.

---

[12] ECF No. 122. In light of the identical amended petition being filed, I deny the original petition [ECF No. 121] as moot. The operative petition in this case therefore is ECF No. 122.
[13] ECF No. 123.
[14] ECF No. 125.
[15] ECF No. 126.

But Akel's claim is not cognizable under § 2255:

> Although collateral review under section 2255 is . . . quite broad, "it does not encompass all claimed errors in . . . sentencing." If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure."[16]

Akel's contention that he should be resentenced in light of Amendment 801 raises neither constitutional nor jurisdictional error. Further, a "'district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice.'"[17] So, Akel's claim is not cognizable under § 2255. However, "consistent with the duty of federal courts to construe pro se pleadings liberally," I construe Akel's § 2255 petition as a motion for resentencing under 18 U.S.C. § 3582(c)(2).[18]

**B.     A motion under § 3582(c)(2) is not encompassed in the waiver of Akel's right to collaterally attack his sentence**.

Akel's plea agreement contained a waiver provision, in which he "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."[19] The government moves to dismiss Akel's petition based on this waiver. Akel responds that his request for a modification of his sentence is not a collateral attack and is therefore not waived under that

---

[16] *Hamilton v. United States*, 67 F.3d 761, 763–64 (9th Cir. 1995) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

[17] *Id.* at 764 (quoting *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994)).

[18] *Id.*

[19] ECF No. 49 at 15–16.

4

provision. Because I construe Akel's § 2255 petition as a request for a sentence modification under § 3582(c)(2), the question that remains is whether a § 3582(c)(2) motion is a collateral attack within the meaning of Akel's plea agreement.

The Ninth Circuit has not addressed head-on the issue of whether a broad collateral-attack waiver bars § 3582(c)(2) motions. But in *United States v. Lightfoot*, it held that a broad appellate waiver didn't waive the defendant's right to appeal the district court's denial of his § 3582(c)(2) motion.[20] In reaching that conclusion, the court highlighted the different considerations in a § 3582(c)(2) motion versus original sentencing and quoted the Fifth Circuit's holding in *United States v. Cooley* that "a motion for sentence modification under 18 U.S.C. § 3582(c)(2) is not properly considered an 'appeal' or 'collateral proceeding' under the terms of a general waiver of appeal . . . ."[21]

Other circuit courts that have addressed this issue have all held that § 3582(c)(2) motions are not barred collateral attacks. For example, the Seventh Circuit found that a § 3582(c)(2) motion "is fundamentally different from the legal challenges and assertions of error typically at issue in appeals and collateral attacks" because a defendant does not "seek to impugn the district court's rationale, nor . . . claim that the district court erred in any way" by imposing the sentence it did; instead, a defendant "simply ask[s] the district court to consider revising his sentence in light of a development completely external to the court's original judgment . . . ."[22] The Tenth Circuit reached a similar conclusion in *United States v. Chavez-Salais*.[23] The defendant waived his right to appeal or "challenge his sentence or the manner in which it was determined in any

---

[20] *United States v. Lightfoot*, 626 F.3d 1092, 1095 (9th Cir. 2010).
[21] *Id.* (quoting *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009)) (ellipses in *Lightfoot*).
[22] *United States v. Monroe*, 580 F.3d 552 (7th Cir. 2009).
[23] *United States v. Chavez-Salais*, 337 F.3d 1170 (10th Cir. 2003).

5

collateral attack, including but not limited to, a motion brought under [§ 2255], except to the extent that the court may depart upwards from the applicable sentencing guideline range."[24] He later moved to modify his sentence under § 3582(c)(2) based on an amendment to the Sentencing Guidelines, which the district court denied. On appeal, the government argued that the waiver included "collateral challenges brought under [§ 3582(c)(2)], even though the plea agreement [did] not specifically mention such motions."[25]

Applying contract principles, the Tenth Circuit held that a § 3582(c)(2) motion was not included in the waiver.[26] The court started with the conventional understanding of "collateral attack," which "comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis."[27] These remedies "complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction."[28] But a "motion *to modify* [a defendant's] sentence" based on an amendment to the Sentencing Guidelines would not "be reasonably understood as a 'collateral attack' on his sentence as opposed to a motion prospectively to modify a sentence based on events occurring after the original sentence was imposed."[29] The court looked to the text of the plea agreement, which did not explicitly mention motions to modify under § 3582, and the Rule 11 colloquy between Chavez-Salais and the district court, where there was no mention that "any collateral attack"

---

[24] *Id.* at 1172.
[25] *Id.*
[26] *Id.* at 1174
[27] *Id.* at 1172.
[28] *Id.*
[29] *Id.*

included § 3582 motions.[30] Left with an ambiguity in the plea agreement's terms, the Tenth Circuit concluded that Chavez-Salais's motion was not waived.[31]

I find the Tenth Circuit's *Chavez-Salais* reasoning persuasive and—given the Ninth Circuit's distinction between direct appeals and appeals of decisions on § 3582(c)(2) motions—I am convinced it would rule similarly. I thus conclude that Akel did not waive his right to bring this motion. First, the text of Akel's waiver does not expressly waive his right to bring § 3582(c)(2) motions. And Akel's motion does not challenge the rationale behind his sentence or claim error in sentencing, either of which would be collateral attacks under the general understanding of that term. Instead, Akel calls attention to a change in the Sentencing Guidelines that could result in a modification of his sentence. Second, at the change-of-plea hearing, the sentencing judge engaged in a colloquy with Akel but didn't ask Akel whether he understood the waiver or its contents.[32] At no point was Akel asked whether he understood that he was waiving his right to request a sentencing modification based on a post-sentencing change to the Sentencing Guidelines. So, it is not clear that Akel understood that his waiver of "all collateral challenges" included motions to modify his sentence under § 3582(c)(2). I therefore cannot say that Akel knowingly and voluntarily waived his right to bring this motion and I deny the government's motion to dismiss based on waiver.

## Conclusion

The operative petition in this case is the amended one at ECF No. 122. I construe this amended § 2255 petition as a motion to modify sentence under § 3582(c)(2) and deny the

---

[30] *Id.* at 1173–74.

[31] *Id.* at 1174.

[32] *See* ECF No. 76.

7

government's motion to dismiss based on Akel's waiver of collateral attacks. But because the government has not responded to the merits of Akel's motion, I cannot resolve it at this time. So, I order the government to respond to Akel's motion by August 8, 2019. The response should address (1) whether Amendment 801 is retroactive and (2) whether Akel admitted to knowing distribution in his plea agreement. Akel will then have 20 days from the service of the response to file a reply.

IT IS THEREFORE ORDERED that Akel's original § 2255 petition **[ECF No. 121] is DENIED AS MOOT**. The operative petition is Akel's amended petition at ECF No. 122, which I construe as a motion to modify sentence under 18 U.S.C. § 3582(c)(2).

IT IS FURTHER ORDERED that the government's motion to dismiss **[ECF No. 125] is DENIED**. The government must file a response to the merits of Akel's motion by August 8, 2019. Akel will then have 20 days from the service of the response to file a reply.

Dated: July 25, 2019

_____
U.S. District Judge Jennifer A. Dorsey