UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:14-cr-00177-JAD-GWF |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion for Sentence Reduction Based on Amendment 801** |
| Gregory Akel, | |
| | [ECF No. 122] |
| Defendant | |

Federal prison inmate Gregory Akel is serving a 99-month sentence after pleading guilty to receipt of child pornography. Akel's low-end guidelines sentence, which was based on the 2015 version of the United States Sentencing Commission's Guidelines Manual by stipulation, included a two-level enhancement under § 2G2.2(b)(3)(F) because the offense involved distribution. But Amendment 801, which became effective on November 1, 2016, revised that guideline provision to require *knowing* distribution.[1] Akel moves for a sentence reduction under Amendment 801 because he did not admit in his plea agreement that his distribution was knowing.[2] That amendment is not retroactive, however, and it affords Akel no relief. So I deny his motion.

## Background

In March 2015, Akel signed a plea agreement in which he pled guilty to one count of receipt of child pornography.[3] In the agreement, the parties agreed to jointly recommend a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distributing material[4] and a low-end

---

[1] *See* U.S.S.G. Man., Supp. to Appx. C at 132 (Amendment 801).
[2] ECF No. 122.
[3] ECF No. 49.
[4] *Id.* at 8.

guidelines-range sentence of 97–121 months.[5]  Akel also waived all collateral challenges, including claims under 28 U.S.C. § 2255.[6]  At Akel's March 2015 sentencing hearing, the government failed to recommend a low-end sentence,[7] and the sentencing judge sentenced Akel to a mid-range sentence of 112 months.[8]

Akel appealed, contending that the government breached the plea agreement by failing to recommend a low-end sentence, and he requested the appellate court to vacate his sentence and remand it to a different judge for resentencing.  The government did not oppose Akel's appeal.  The Ninth Circuit reversed, remanded, and ordered that the case be reassigned for resentencing.  At Akel's May 2017 resentencing hearing, the parties agreed that the 2015 Sentencing Guidelines should be applied.  Using that version of the Guidelines, I sentenced Akel to 99 months' imprisonment.[9]

Akel appealed, and the Ninth Circuit dismissed his appeal due to his valid appeal waiver.[10]  In March 2019, Akel filed an Amended § 2255 petition, arguing that Amendment 801 to the 2016 Sentencing Guidelines "expressly requires that distribution be knowing for the two-level enhancement [in U.S.S.G. § 2G2.2(b)(3)(F)] to apply."[11]  He contends that he did not admit

---

[5] *Id*. at 11.  The parties agreed to jointly recommend a sentence at the low end of the guidelines range as calculated by the court, and the sentencing judge adopted the range suggested by the parties.

[6] *Id.* at 15-16.

[7] The sentencing transcripts reflect that Akel's counsel argued for a low-end sentence of 97 months, and the government did not affirmatively recommend a sentence.

[8] ECF No. 65.

[9] ECF No. 106.

[10] ECF No. 117.

[11] ECF No. 122 at 4.  The Amended Petition is identical to a §2255 petition Akel filed in October 2018.  Because Akel filed an identical copy of his §2255 petition, I denied the original as moot.

to knowing distribution in his plea agreement, so his sentence should be modified in light of Amendment 801. The government moved to dismiss his petition,[12] and I held that Akel's claim was not cognizable under § 2255 because his contention that he should be resentenced in light of Amendment 801 raises neither constitutional nor jurisdictional error.[13] So I instead construed Akel's § 2255 petition as a motion for resentencing under 18 U.S.C. § 3582(c)(2) and ordered the government to respond.[14]

### Discussion

18 U.S.C. §3582(c)(2) allows a district court to reduce a defendant's term of imprisonment if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "The 'applicable policy statement' relevant here is § 1B1.10 of the Sentencing Guidelines,"[15] which gives the court the discretion to reduce a term of imprisonment "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in" § 1B1.10(d).[16] The Sentencing Guidelines emphasize that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (d)

---

[12] ECF No. 125.

[13] ECF No. 127 at 4.

[14] The government responded, ECF. No. 128, and Akel replied, ECF No. 131.

[15] *United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016).

[16] U.S.S.G. § 1B1.10(a)(1).

is applicable to the defendant. . . ."[17]  Amendment 801 is not listed among those amendments covered by §1B1.10.  Because the Sentencing Commission did not list Amendment 801 as one permitting a sentence reduction under § 3582(c)(2), this court lacks the authority to reduce Akel's sentence based on it.[18]

## Conclusion

IT IS THEREFORE ORDERED that Gregory Akel's Motion for Reduction of Sentence **[ECF No. 122] is DENIED.**

Dated: July 28, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[17] U.S.S.G. § 1B1.10(a)(2).

[18] *United States v. Cueto*, 9 F. 3d 1438, 1440–41 (9th Cir. 1993).